UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
(Norfolk Division)



FILED
DEC 2 4 2009
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

AUDIO MPEG, INC.,
U.S. PHILIPS CORPORATION,
FRANCE TELECOM,
TDF S.A.S, and
INSTITUT FÜR RUNDFUNKTECHNIK GMBH

Plaintiffs,

v.

PALM, INC.

Defendant.

Civil Action No.: 1:09cv1413 AJT/TCB

**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

### Nature of the Action

1. This is a civil action for infringement of a patent arising under the laws of the United States relating to patents, including 35 U.S.C. § 281.

### Subject Matter Jurisdiction

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this civil action arises under the laws of the United States and because this civil action arises under an Act of Congress relating to patents.

### Parties

3. Plaintiff Audio MPEG, Inc. ("Audio MPEG") is a corporation organized under the laws of Virginia having its headquarters and its sole U.S. place of business at 66 Canal Center Plaza, Suite 750, Alexandria, Virginia 22314.

4. Plaintiff U.S. Philips Corporation ("Philips") is a corporation organized under the laws of Delaware having an address at 100 East 42nd Street New York, New York 10070.

5. Plaintiff France Telecom ("France Telecom") is a corporation organized under the laws of France having an address at 6, place d'Alleray 75505 Paris cedex 15, France..

6. Plaintiff TDF S.A.S. ("TDF") is a corporation organized under the laws of France having an address at 106 Avenue Marx Dormoy, 92120 Montrouge, France.

7. Plaintiff Institut für Rundfunktechnik GmbH ("IRT") is a corporation organized under the laws of Germany having an address at Floriansmühlstraße 60, D-80939 München, Germany.

8. Audio MPEG has the exclusive rights to license and to sue for and collect fees, costs, and damages, including past damages for past infringement of U.S. patents owned by Philips, France Telecom, TDF, and IRT covering essential elements of the ISO/IEC 11172-3 and 13818-3 MPEG standards directed to MPEG Audio layers 1, 2, and 3 (MP3) technology. The three world class research laboratories of Philips, France Telecom, TDF, and IRT developed technology that forms the backbone of the MPEG Audio standard, which is essential to the existence of MP3 players and crucial to the operation of many other consumer electronics devices including televisions set top boxes, digital televisions, and other products with MP3 capabilities, such as DVD players, car radios, Home Theatres, Hi-Fi systems, and mobile phones or multimedia devices. MPEG audio compression technology allows audio files (*e.g.*, music) to be compressed and stored in much less space than was possible before, allowing thousands of recorded songs to be stored conveniently in a portable box smaller than the size of a deck of cards rather than on hundreds of compact disks ("CD") that would be impossible to carry. In addition, MPEG audio compression contributes to spectrum savings and communication channel economy in telecommunication and broadcast systems. The International Standards Organization (ISO) adopted this compression technology as a mandatory part of the ISO IEC

standard. As a result, products using MPEG audio compression necessarily follow the standard and use this technology. Accordingly, all products with MP3 capabilities, such as those identified above, and products using MPEG audio layer 2 audio compression, need a patent license from Audio MPEG.

9. On information and belief, Defendant Palm, Inc. ("Palm") is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 950 West Maude Avenue, Sunnyvale, California 94085.

## Personal Jurisdiction and Venue

10. Upon information and belief, Defendant has made, used, sold, offered for sale, and/or imported into the United States products that include capabilities required by the ISO/IEC 11172-3 and/or 13818-3 standards ("the MPEG standards").

11. Upon information and belief, Defendant regularly transacts business in this judicial district and division by offering products and services to customers, business affiliates and/or partners located in this judicial district and division. In addition, Defendant has committed acts of infringement of one or more claims of the patents-in-suit in this judicial district and division.

12. Upon information and belief, Defendant voluntarily placed products including capabilities required by the MPEG standards into the stream of United States commerce, conscious that Virginia, including this judicial district, was the likely destination of a substantial quantity of such devices.

13. Upon information and belief, a substantial part of the events giving rise to this claim for patent infringement occurred in Virginia and in this judicial district.

14. Upon information and belief, Defendant is subject to personal jurisdiction in this district because it purposefully engaged in activities that gave rise to this claim for patent infringement and which were directed at residents of Virginia and this judicial district.

15. Upon information and belief, Defendant is a corporation and resides in this district for purposes of 28 U.S.C. §§ 1391(c) and 1400(b).

16. Upon information and belief, venue for this civil action in this judicial district is proper under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

### First Count
### (Patent Infringement)
### 35 U.S.C. §§ 271 and 281

17. On June 21, 1994, United States Patent No. 5,323,396 ("the '396 patent") for a "Digital Transmission System, Transmitter and Receiver for use in the Transmission System" was duly and legally issued to Gerardus C. P. Lokhoff.

18. Plaintiffs Philips, France Telecom, TDF, and IRT own the '396 patent.

19. Plaintiff Audio MPEG has the exclusive right to license the '396 patent and to sue for and collect fees, costs, and damages, including past damages for past infringement of the '396 patent.

20. The '396 patent generally relates to encoding and decoding digital audio signals.

21. Upon information and belief, Defendant manufactures, uses, sells, imports, and/or offers for sale products that include capabilities required by the MPEG standards.

22. Upon information and belief, Defendant has infringed, induced others to infringe, and/or committed acts of contributory infringement regarding one or more of the claims of '396 patent. Upon information and belief, Defendant's infringing activities in the United States include manufacture, use, sale, importation, and/or offer for sale of products incorporating

capabilities required by at least one of the MPEG standards, including, for example Palm products including phones and PDA's with MP3/MPEG Audio capability, such as the Palm Pre, Palm Pixi, Palm Treo Pro, Palm Centro 690, and Palm Treo 800w. These activities infringe the claims of the '396 patent under 35 U.S.C. § 271.

23. Upon information and belief, Defendant has actual knowledge of the '396 patent and has willfully committed said infringing activities.

24. As a consequence of the infringing activities by Defendant complained of herein, Plaintiff Audio MPEG has been damaged in an amount not yet determined.

**Second Count
(Patent Infringement)
35 U.S.C. §§ 271 and 281**

25. On July 7, 1998, United States Patent No. 5,777,992 ("the '992 patent") for a "Decoder for Decoding an Encoded Digital Signal and a Receiver Comprising the Decoder" was duly and legally issued to Gerardus C. P. Lokhoff.

26. Plaintiffs Philips, France Telecom, TDF, and IRT own the '992 patent.

27. Plaintiff Audio MPEG has the exclusive right to license the '992 patent and to sue for and collect fees, costs, and damages, including past damages for past infringement of the '992 patent.

28. The '992 patent generally relates to decoding digital audio signals.

29. Upon information and belief, Defendant manufactures, uses, sells, imports, and/or offers for sale products that include capabilities required by the MPEG standards.

30. Upon information and belief, Defendant has infringed, induced others to infringe, and/or committed acts of contributory infringement regarding one or more of the claims of '992 patent. Upon information and belief, Defendant's infringing activities in the United States

include manufacture, use, sale, importation, and/or offer for sale of products incorporating capabilities required by at least one of the MPEG standards, including, for example Palm products including phones and PDA's with MP3/MPEG Audio capability, such as the Palm Pre, Palm Pixi, Palm Treo Pro, Palm Centro 690, and Palm Treo 800w. These activities infringe the claims of the '992 patent under 35 U.S.C. § 271.

31. Upon information and belief, Defendant has actual knowledge of the '992 patent and has willfully committed said infringing activities.

32. As a consequence of the infringing activities by Defendant complained of herein, Plaintiff Audio MPEG has been damaged in an amount not yet determined.

### Third Count
### (Patent Infringement)
### 35 U.S.C. §§ 271 and 281

33. On July 23, 1996, United States Patent No. 5,539,829 ("the '829 patent") for a "Subband Coded Digital Transmission System Using Some Composite Signals" was duly and legally issued to Gerardus C. P. Lokhoff, Yves-Francois Dehery, Gerhard J. Stoll, and Günther Theile.

34. Plaintiffs Philips, France Telecom, TDF, and IRT own the '829 patent.

35. Plaintiff Audio MPEG has the exclusive right to license the '829 patent and to sue for and collect fees, costs, and damages, including past damages for past infringement of the '829 patent.

36. The '829 patent generally relates to encoding and decoding digital audio signals.

37. Upon information and belief, Defendant manufactures, uses, sells, imports, and/or offers for sale products that include capabilities required by the MPEG standards.

include manufacture, use, sale, importation, and/or offer for sale of products incorporating capabilities required by at least one of the MPEG standards, including, for example Palm products including phones and PDA's with MP3/MPEG Audio capability, such as the Palm Pre, Palm Pixi, Palm Treo Pro, Palm Centro 690, and Palm Treo 800w. These activities infringe the claims of the '992 patent under 35 U.S.C. § 271.

31. Upon information and belief, Defendant has actual knowledge of the '992 patent and has willfully committed said infringing activities.

32. As a consequence of the infringing activities by Defendant complained of herein, Plaintiff Audio MPEG has been damaged in an amount not yet determined.

**Third Count**
**(Patent Infringement)**
**35 U.S.C. §§ 271 and 281**

33. On July 23, 1996, United States Patent No. 5,539,829 ("the '829 patent") for a "Subband Coded Digital Transmission System Using Some Composite Signals" was duly and legally issued to Gerardus C. P. Lokhoff, Yves-Francois Dehery, Gerhard J. Stoll, and Günther Theile.

34. Plaintiffs Philips, France Telecom, TDF, and IRT own the '829 patent.

35. Plaintiff Audio MPEG has the exclusive right to license the '829 patent and to sue for and collect fees, costs, and damages, including past damages for past infringement of the '829 patent.

36. The '829 patent generally relates to encoding and decoding digital audio signals.

37. Upon information and belief, Defendant manufactures, uses, sells, imports, and/or offers for sale products that include capabilities required by the MPEG standards.

38. Upon information and belief, Defendant has infringed, induced others to infringe, and/or committed acts of contributory infringement regarding one or more of the claims of '829 patent. Upon information and belief, Defendant's infringing activities in the United States include manufacture, use, sale, importation, and/or offer for sale of products incorporating capabilities required by at least one of the MPEG standards, including, for example Palm products including phones and PDA's with MP3/MPEG Audio capability, such as the Palm Pre, Palm Pixi, Palm Treo Pro, Palm Centro 690, and Palm Treo 800w. These activities infringe the claims of the '829 patent under 35 U.S.C. § 271.

39. Upon information and belief, Defendant has actual knowledge of the '829 patent and has willfully committed said infringing activities.

40. As a consequence of the infringing activities by Defendant complained of herein, Plaintiff Audio MPEG has been damaged in an amount not yet determined.

## Requested Relief

WHEREFORE Plaintiffs pray for judgment against Defendant as follows:

A. Declare that Defendant has infringed, actively induced infringement, and/or committed acts of contributory infringement with respect to the claims of the '396 patent, the '992 patent, and/or the '829 patent.

B. Declare that Defendant's infringement of the '396 patent, the '992 patent, and/or the '829 patent was deliberate and/or willful.

C. Order Defendant to account for and pay to Plaintiff Audio MPEG all damages caused to Audio MPEG by reason of infringement of the '396 patent, the '992 patent, and/or the '829 patent, and order that such damages attributable to willful infringement be trebled by reason

of the deliberate and willful infringement of the '396 patent, the '992 patent, and/or the '829 patent pursuant to 35 U.S.C. § 284.

D. Enjoin Defendant, its officers, agents, employees, privies, successors, and assigns, and those acting in concert or participation with them, from infringing the '396 patent, the '992, and the '829 patent.

E. Grant Plaintiffs prejudgment and post judgment interest on the damages caused to them by reason of Defendant's infringement of the '396 patent, '992 patent, and/or the '829 patent.

F. Grant Plaintiffs' reasonable attorney's fees pursuant to 35 U.S.C. § 285.

G. Grant Plaintiffs such other and further relief as the case may require and the Court may deem just and proper, together with costs in this action.

## Jury Demand

Plaintiffs demand a jury trial on all issues triable to a jury in this matter.

DATED:   December 24, 2009

Respectfully submitted,

*/s/ Richard W. Ottinger*

John M. Ryan (Va. Bar. No. 4301)
Richard Ottinger (Va. Bar. No. 38842)
Vandeventer Black, L.L.P.
500 World Trade Center
Norfolk, VA  23510
(757) 446-8600

Steven M. Anzalone
D. Brian Kacedon
John T. Battaglia
Christopher T. Blackford
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 408-4000

Attorneys for Plaintiff Audio MPEG, Philips, France Telecom, TDF, and IRT

4846-7466-5477, v. 1